UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL GARCIA JR. | § | |
| *Plaintiff* | § | Case No. 3:15-cv-02140-M-BF |
| vs | § | |
| GINNY'S, INC. | § | |
| *Defendant* | § | |

### FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Israel Garcia Jr. brings this complaint against Ginny's Inc. for a cause of action would respectfully show as follows:

### NATURE OF ACTION

1. This is an action for damages brought by an individual against Ginny's Inc. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et. seq.*

2. Plaintiff alleges that Defendant called his prepaid cellular telephone number using an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227 *et. seq.* and or artificial, prerecorded voice without his express consent to do so.

3. Defendant was informed on several occasions to not call Plaintiffs' cellular telephone and should be fully aware that Defendant had no prior express or implied consent to call the cellular telephone.

4. Plaintiff alleges that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of the TCPA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).

6. Venue is proper before this Court after removal to the Northern District of Texas also pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

7. The Plaintiff in this lawsuit is Israel Garcia Jr., a natural person and a resident of Ellis County, Texas.

8. The Defendant in this lawsuit is Ginny's Inc. (Ginny) is a company with its principal office at 1112 7th Ave. Monroe, WI 53566.

9. Ginny's may be served through its registered agent at Corporation Service Company 8040 Excelsior Drive, Suite 400 Madison, WI 53717.

## FACTUAL ALLEGATIONS

10. On or about January 12, 2015, Ginny began calling the Plaintiff's prepaid cell phone number (432) 207-2096 from telephone number 877-998-5872 which is a number known to be used by Ginny.

11. Defendant Ginny called Plaintiff's prepaid cell phone number (432) 207-2096 total of 28 times [See Exhibit 1,2], on the following dates and times:

    1) January 12, 2015 at 5:20 PM
    2) January 16, 2015 at 3:04 PM
    3) January 19, 2015 at 7:45 PM
    4) January 21, 2015 at 7:03 PM
    5) January 23, 2015 at 5:40 PM
    6) January 27, 2015 at 12:56 PM
    7) January 28, 2015 at 8:59 AM
    8) January 30, 2015 at 12:47 PM
    9) February 2, 2015 at 8:56 PM
    10) February 5, 2015 at 3:17 PM
    11) February 9, 2015 at 6:58 PM
    12) February 10, 2015 at 1:17 PM
    13) February 11, 2015 at 1:16 PM
    14) February 13, 2015 at 1:50 PM
    15) February 17, 2015 at 12:08 PM
    16) February 18, 2015 at 7:37 PM
    17) February 23, 2015 at 7:15 PM
    18) February 24, 2015 at 12:47 PM
    19) February 27, 2015 at 10:55 AM
    20) March 2, 2015 at 3:11 PM
    21) March 5, 2015 at 9:21 AM
    22) March 9, 2015 at 3:02 PM
    23) March 11, 2015 at 2:04 PM
    24) March 16, 2015 at 2:21 PM
    25) March 17, 2015 at 1:31 PM
    26) March 18, 2015 at 3:37 PM
    27) March 19, 2015 at 3:44 PM
    28) March 20, 2015 at 7:12 PM

12. Plaintiff answered calls from the defendant and stated, "quit calling my cell phone" but there was silence and no live person was on the line [See Exhibit 1,2] on the following dates and time:

    a. January 30, 2015 at 12:47 PM, call duration was 16 seconds.
    b. February 11, 2015 at 1:16 PM, call duration was 8 seconds.
    c. March 5, 2015 at 9:21 AM, call duration was 7 seconds.
    d. March 9, 2015 at 3:02 PM, call duration was 11 seconds.

13. Defendant left several artificial and or prerecorded voice messages on Plaintiff's prepaid cell phone number (432) 207-2096 [See Exhibit 1,2] on the following dates and times:

    a. February 10, 2015 at 1:17 PM
    b. February 13, 2015 at 1:50 PM
    c. February 17, 2015 at 12:08 PM

    d. February 24, 2015 at 12:47 PM
    e. February 27, 2015 at 10:55 AM
    f. March 2, 2015 at 3:11 PM
    g. March 18, 2015 at 3:37 PM

14. On January 28, 2015 at 8:59 AM and February 9, 2015 at 6:58 PM., Plaintiff answered the calls from Ginny's and was greeted by an artificial and or a prerecorded generic message asking to call (877) 998-5872. [See Exhibit 1,2]

15. Plaintiff took photos of the display of his phone after each call that the Defendant made to his cell phone. [See Exhibit 1]

16. Plaintiff made handwritten notes of the details of each call at or near the time of the call. See Exhibit B. [See Exhibit 2]

17. Plaintiff is the owner of the wireless phone with the assigned number (432) 207-2096, pays for the airtime for that prepaid wireless phone and has had service on and custody and control of that assigned number from January 4, 2015 to present time.

18. In placing each telephone call Ginny used a telephone dialing system with the capacity to automatically dial Plaintiff's cell phone and there was no person on the line when the call was answered.

19. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

20. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

21. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

22. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

23. At no time has the Plaintiff given his express consent, written or otherwise, to Ginny to call his cellular telephone number (432) 207-2096.

24. All calls made to Plaintiff's cell phone were for a non-emergency purpose.

25. Plaintiff has no prior or present established relationship with Ginny.

26. Plaintiff has never heard of the Defendant prior to these phone calls.

27. Every time Plaintiff answers the calls and Defendant leaves messages and Plaintiff checks his voice mail, he is charged for the call.

28. On March 20, 2015, Plaintiff sent a Notice of intent to sue to Ginny regarding the violations alleged herein. Plaintiff, in doing so, was making an attempt to mitigate damages prior to litigation. Ginny failed to respond.

29. All violations complained of herein occurred within the statute of limitations of the applicable federal statute.

## COUNT I

### VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff repeats and re-alleges each and every allegation stated above.

31. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227 *et seq*.

   WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the TCPA 47 U.S.C. § 227 et seq.

   b) Awarding Plaintiff statutory damages of $500.00 for the first call pursuant to 47 U.S.C. § (b)(3)(B), and $1500.00 per call thereafter for willful and/or knowing violations pursuant to 47 U.S.C. § 227(b)(3)(C);

   c) Awarding Plaintiff all costs incurred in this action;

   d) Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,

Israel Garcia Jr.
115 Evening Star Circle
Red Oak, Texas 75154
972-816-6374
igarcia75115@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties listed below by certified mail.

Dated: July 8, 2015

_____
Israel Garcia, Jr.

Jason H Casell
Reed Smith LLP
811 Main Street Suite 1700
Houston, TX 77002